11-1483-ag
Samassi v. Holder

BIA
Nelson, IJ
A088 377 951

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MOHAMED SAMASSI,
> *Petitioner,*

v.                                        11-1483-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Samassi, who claims to be a native and citizen of the Ivory Coast, seeks review of a March 21, 2011, order of the BIA affirming the March 3, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Samassi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Samassi*, No. A088 377 951 (B.I.A. Mar. 21, 2011), *aff'g* No. A088 377 951 (Immig. Ct. N.Y. City Mar. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Here, the agency's denial of relief was supported by the record.

Samassi argues that he was denied due process because the IJ failed to note that his counsel was ineffective.

However, petitioners must raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dept of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Because Samassi failed to raise his ineffective assistance of counsel claim before the BIA, he did not exhaust the issue, and we decline to address it in the first instance. *Id.*

Samassi also argues that the agency erred in basing its credibility determination on a card stating that he joined the Rally of the Republicans ("RDR") in 2001, which contradicted his testimony that he joined the party in 2002. Samassi argues that the date on the card was a clerical error, but the agency was not compelled to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

He also argues that the agency erred in basing its credibility determination on his failure to authenticate documents demonstrating that he was a citizen of the Ivory Coast. We detect no such error. Having found that Samassi was not credible based on inconsistencies and omissions in

his statements and inconsistencies between his statements and some of his corroborating evidence, the agency properly considered whether Samassi's corroborating evidence rehabilitated his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (explaining that an applicant's corroborating evidence may rehabilitate otherwise questionable testimony). We defer to the BIA's conclusion that his unauthenticated identity documents were insufficient to rehabilitate that testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the weight to be afforded to evidence "lies largely in the discretion of the IJ" (quotation and alteration omitted)).

Accordingly, Samassi's challenges to the agency's credibility determination are meritless. Moreover, the aspects of the agency's adverse credibility finding that he does not challenge stand as valid bases for the finding. Thus, the adverse credibility determination supports the agency's denial of Samassi's applications for asylum, withholding of removal, and CAT relief as they arose from the same factual background--his problems in the Ivory Coast as an ethnic Dioula and supporter of the RDR. *See Paul v.*

4

*Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520. 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk